Common Pleas Court of Hamilton County.

STEPHEN B. BERNARD V. DOUGLAS G. HIGH.

Decided December 24, 1932.

*B. William Heidkamp, Richard C. Dickerson,* for plaintiff in error.

*Jackson W. Sparrow,* for defendant in error.

DARBY, J.

The parties stood in the same position in the Municipal Court.

The bill of particulars sets forth that in September 1930, plaintiff entered the employ of the defendant, a real estate broker, to advance and promulgate sales and rentals of real property on a commission basis; that he performed certain services under said employment, and asked for judgment in the sum of $262.75.

The bill of particulars was on motion made more explicit, in setting forth the services performed under said agreement, all of which were between October 1, 1930 and May 1, 1931. An answer and cross-petition was filed, denying any liability to plaintiff, but asking for judgment against him on the cross-petition. The answer was subsequently amended, and stated:

"That at the time said transactions took place, the law of the State of Ohio, evidenced by Section 8621 of the General Code was:

" 'No action shall be brought whereby to charge the defendant upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate.'

"And this defendant pleads this statute as a bar to said action."

A demurrer to the answer was filed and overruled, and the plaintiff not desiring to plead further, judgment was given for the defendant.

The bill of particulars was filed September 1, 1931, and the judgment entered November 1931.

The theory upon which the court below evidently acted was that Section 8621, General Code, as it existed when the contract was entered into and services performed, required evidence of the contract in writing, which did not exist, and therefore, the action could not be maintained in the face of a demurrer.

Section 8621, General Code, which was in existence prior to July 28, 1931, included in the agreements which were required to be in writing—

"* * * an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate * * *."

However, prior to the filing of this action, to-wit, July 28, 1931, (O. L. 114, p. 110) said section was amended by striking out the clause above referred to, and leaving said section as it was prior to the amendment passed April 10, 1925. (111 O. L., p. 104).

At the time this action was filed there was no requirement that a contract for real estate commission, so-called, should be in writing.

The question in the case therefore is, whether or not an oral contract for commission on a real estate transaction may be now enforced, though the contract was entered into and the services rendered when a written document was required as evidence of the contract.

Considering the operation and effect of the statute of frauds, attention is called to the case of *Gramann* v. *Borgman, et al,* 14 O. N. P. (N. S.) 449. This was an action for specific performance of a contract to make a testamentary disposition of real estate, and in the course of the discussion of the case, the court had occasion to determine as to whether the contract was enforceable, in view of Section 8621 of the General Code. On page 456 of the opinion, discussing the effect of the statute, the court, Oppenheimer, J., says:

"* * * In other words, there may be a perfectly valid agreement which by reason of some formal omission or defect is unenforceable in an action at law. The statute does not touch the formation of the contract, but concerns itself merely with the evidence whereby the contract is to be established; or as it is frequently expressed, it is a rule of adjective, not of substantive, law. *Heaton* v. *Eldridge,* 56 O. S., 87; *Crawford* v. *Edison,* 45 O. S., 239. Such contracts have been accurately termed 'agreements of imperfect obligation.' Wald's Pollock on Contracts, Williston's Ed., Chap. 13. They stand midway between contracts which may be actively enforced and agreements which have no legal effect whatever. They create rights without legal remedies, that is, without 'appropriate processes of law by which the authority of a competent court can be set in motion to enforce the right.' They are not void, and the statute does not extinguish the obligation which has been created by them. *Townsend* v. *Hargraves,* 118 Mass. 325. Indeed, the contract may be made the basis of an action and the protection of the statute will not be available to the defendant unless he expressly invokes it, except where, as in Wisconsin, the statute by its terms absolutely extinguishes the right. *Ogden* v. *Ogden,* 4 O. S., 182; *Pierce* v. *Seymour,* 52 Wis., 272. And no advantage of the statute may be claimed by others than parties to the contract or those in privity with them. *Lefferson* v. *Dallas,* 20 O. S., 68; *Moore* v. *Crawford,* 130 U. S., 122. And if the contract has been fully performed on both sides, the statute

ceased to have any application to it. *Stone* v. *Dennison*, 13 Pick., 1."

19 O. Jur., p. 655 *et seq.* deals with this subject, and cites many cases which support the holding in *Gramann* v. *Borgman, infra.*

In Wald's Pollock on Contracts, Williston's Ed., Chapter 13, is a rather extensive discussion of the subject of imperfect obligations, so-called, dealing both with the statute of limitations and the statute of frauds, and as to both, the well recognized principle is stated that though an action may not be maintained because of the statute of limitations, or the statute of frauds, the obligation exists to that extent that if an action be filed upon a claim within either of said statutes, recovery may be had upon it unless the claim of the statute in either case is set up as a defense.

This immediately brings into consideration the matter of the waiver of the statute in either case. See 19 O. Jur., p. 656, Section 145.

*Young* v. *Meszaros,* 35 O. A., 139 and *Hoskins* v. *Orsini,* 32 O. L. R., 374 decide:

"The benefit of the statute of frauds is waived by one who fails to base a defense on the statute at the time, or to plead it by way of answer."

Many other cases could be cited showing that there may be a waiver of either of these statutes, and if the defense is not set up, a judgment will be sustained notwithstanding that had the statute in either case been pleaded, judgment could not have been granted.

In argument counsel for the defendant in error claimed that there was no contract because of the statute, and that as there was no contract, the plaintiff had no rights.

It is well settled that the statute of frauds is a remedial statute, and one which merely provides a rule as to the proof of certain contracts. It is of an entirely different nature from a statute which declares that a certain contract is void. If a contract is void, no rights accrue under it. *Kahn, Jr.* v. *Walton, et al,* 46 O. S., 195.

So also, a contract which is contrary to public policy is

void, and a recovery may not be had under it. See *Weber* v. *Shay & Cogan,* 56 O. S., 116.

*Kimmel* v. *King,* 125 O. S., 505 [O. L. B. & R. October 17, 1932] is the last expression of the Supreme Court upon this subject. In that case it was held that even though the contract was entered into and all the service performed before the amendment of Section 8621 requiring writings in case of such contracts, yet as that amendment related to the remedy, the plaintiff could not recover because he could not bring his case within the statute at the time he sought his remedy.

Section 8621 of the General Code at the time this action was filed and the remedy sought contained no requirement that the evidence of the contract should be in writing. The Legislature placed no restriction upon the amendment. Prior to the amendment it would have been a complete answer to the action had it been filed, that there was no written evidence of the contract. After the amendment no writing was required.

Plaintiff's cause of action was in existence prior to the recent amendment, though he could then not have a remedy in the face of objection. Now he has both his cause of action and his remedy.

It is claimed by the defendant in error that Section 26, General Code, justifies the action of the court below. That section provides:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

There is no proviso in the amending act, and as there was a cause of action (unenforceable it is true if the statute were pleaded), this amendment did not affect in any way such cause of action.

*Smith* v. *N. Y. C. Rd. Co.,* 122 O. S., 45, was an action

in which the effect of the amending of Section 11224 of the General Code was involved. That amendment changed the limitation of actions for personal injuries from four to two years, and the court held:

"2. Section 11224, General Code, as amended May 4, 1927, effective August 2, 1927, as Section 11224-1, General Code, is remedial in nature and applies to all causes coming within its terms upon which actions have not been commenced in any of the trial courts of this state on or before August 2, 1927."

Had the Legislature extended the time for bringing actions within its terms, that law would have been equally effective with the one which reduced the period of limitation.

*Elder et al* v. *Schoffstall et al*, 90 O. S., 265, involved the question of the cases in which the three-fourths jury law, so-called, should apply, and it was held that the law does not apply to causes pending in the Court of Common Pleas on the day the amendment became effective. The court say:

"2. This amended section relates to the remedy only, and applies to all causes commenced in the Common Pleas Court of this state on and after the 14th day of May, 1913, regardless of the time when the cause of action arose."

It would seem to be entirely consistent with legislative purposes in view of the decided cases in Ohio and Section 26, General Code, to entirely remove from all pending causes of action this restriction put into the statute of frauds in 1925 and take out in 1931 before this action was filed.

So far as this court is advised, this particular question has not been presented to or considered by any of our courts until now. Based upon reason and authority, this court is of the opinion that the plaintiff, who had an existing cause of action, was not affected by the statute of frauds as it existed when the contract was entered into, but was affected by the statute when he sought his remedy.

The judgment of the Municipal Court will be reversed and the cause remanded for further proceedings according to law.